ELIZABETH W. LYMAN AND WILLIAM H. LYMAN, JR., EXECUTORS OF THE WILL OF WILLIAM H. LYMAN, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34275.  Promulgated June 3, 1931.

*P. B. Plumb, Esq.*, for the petitioners.
*J. L. Backstrom, Esq.*, for the respondent.

**OPINION.**

MATTHEWS: The constitutionality of sections 319 to 324 of the Revenue Act of 1924, levying a tax upon gifts, has been upheld by the Supreme Court in *Bromley* v. *McCaughn*, 280 U. S. 124.

The petitioner contends that these sections do not apply and were not intended to apply to real estate situated outside of the United States. Section 319 provides:

For the calendar year 1924 and each calendar year thereafter, a tax equal to the sum of the following is hereby imposed upon the transfer by a resident by gift during such calendar year of any property wherever situated, whether made directly or indirectly, and upon the transfer by a nonresident by gift

during such calendar year of any property situated within the United States, whether made directly or indirectly:

Section 324 provides:

The tax imposed by section 319 shall be paid by the donor on or before the 15th day of March, and shall be assessed, collected, and paid in the same manner and subject, in so far as applicable, to the same provisions of law as the tax imposed by section 301.

Section 301 imposes a tax upon the transfer by death.

These sections of the statute appear only in the Revenue Act of 1924. The gift-tax provisions were enacted as a corollary to the estate-tax provisions to prevent an evasion of the estate tax by the making of gifts of property prior to death. This appears from the debates in connection with its enactment in both the House and the Senate. The estate-tax section and the gift-tax section both appear in Title III as Parts I and II, respectively.

It should be noted that the estate-tax statute provides as follows, in section 302:

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

This section of the estate-tax statute was involved in the case of *Guaranty Trust Company of New York, Executor*, 21 B. T. A. 330, wherein we held that in valuing the gross estate of a decedent resident in the United States it is proper to include the value of tangible personal property located in foreign countries. With regard to the language of section 302, above quoted, we said:

This language has appeared in all of the revenue acts beginning with that of September 8, 1916. On May 14, 1918, the Attorney General, in a ruling (31 Op. Atty. Gen. 287) rendered to the Secretary of the Treasury, construed the estate-tax provisions of the Revenue Act of 1916 as not intended to include in the gross estate real estate located outside the United States, and held that the provisions of the Act " may be fairly satisfied by an application to the foreign personalty." Following that ruling, respondent's Regulations No. 37, dealing with the Revenue Act of 1918, provided that real property not situated in the United States should not be included in the gross estate, but that in the case of a resident decedent " all personal property owned by him should be included, wherever situated." (Article 13.) A similar provision has appeared in the subsequent regulations. See art. 12, Reg. 63; art. 11, Reg. 68; art. 11, Reg. 70. In view of the repeated enactments of Congress, using the same language as that of the 1916 Act, since the promulgation of the Attorney General's ruling and the construction placed on that language by the respondent's regulations, we think it must be held that Congress has acquiesced in such construction and intended in the several revenue acts to include in the gross estate such property as is here involved. This doctrine is entitled to added weight in this instance as the report of the Committee on Finance of the Senate having under consideration the Revenue Act of 1921 discloses that the Attorney General's opinion was

actually considered and changes made in the law in the light thereof (p. 24, S. Rept. No. 275, 67th Cong., 1st sess.).

Since the gift tax was imposed as a corollary to the estate tax and both are taxes on transfers, we think the term " property wherever situated " as used in the gift-tax title has the same meaning as it has in the estate-tax title and that it does not include real estate situated outside of the United States.

In view of our decision that section 319 does not apply to real property situated outside of the United States, it is unnecessary to consider petitioner's second assignment of error.

Since the value of the personal property in this proceeding is less than the exemption of $50,000, it follows that there is no deficiency in gift tax.

*Judgment will be entered for the petitioners.*