Russell MacDONALD and Edmund J. MacDonald, Executors under the Will of John MacDonald,

v.

UNITED STATES of America.

Civ. A. No. 54-66.

United States District Court
D. Massachusetts.

March 27, 1956.

John J. Sullivan, Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., Arthur I. Weinberg, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an action to recover a gift tax. The tax was assessed and paid on account of a gift in 1946 by a United States citizen, to his three children, of land situated in the Dominion of Canada. A stipulation of facts has been filed, on which defendant moves for summary judgment. Two questions are presented,—did Congress intend to tax such gifts of foreign land, and did it have the power to?

The statute provides as follows.

Internal Revenue Code of 1939: Sec. 1000. Imposition of Tax.

"(a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or non-resident, of property by gift. * * *

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; but, in the case of a non-resident not a citizen of the United States, shall apply to a transfer only if the property is situated within the United States. * * *" 26 U.S.C.A. § 1000.

■ It seems to me that as a matter of negative implication a gift of foreign land by a resident or citizen was intended to be taxed. The Treasury took that view.

Regulations 108 (promulgated under the Internal Revenue Code of 1939):

"Sec. 86.18 *Situs of Property* (a) The statute imposes a tax upon gifts made by citizens of the United States, residents or nonresidents thereof, and upon those made by residents of the United States, whether or not citizens, irrespective of whether the property transferred (real or personal, tangible or intangible) be situated within or without the United States. * * *"

■ As against this plaintiffs point to the fact that the estate tax expressly excludes foreign land, and that it has frequently been said that the estate and gift tax statutes are in *pari materia*.[1] I do not regard such generalization as anything more than a guide in the absence of something more definite. In this case plaintiffs' argument proves too much. The gift tax act (disregarding one passed in 1924 and repealed in 1926), was enacted

1. Estate of Sanford v. Commissioner, 308 U.S. 39, 44, 60 S.Ct. 51, 84 L.Ed. 20, rehearing denied 308 U.S. 637, 60 S.Ct. 258, 84 L.Ed. 529; Commissioner of Internal Revenue v. Bristol, 1 Cir., 121 F.2d 129, 136.

in 1932, along with a new estate tax act. In 1934 the latter was amended by adding a clause expressly excluding foreign land.[2] No similar amendment was made to the gift tax. Yet the Treasury had already published Regulation 79, Art. 18, (1933), of which Regulation 108, Sec. 86.18, supra, is a substantial republication. If the two acts were to be construed together initially, the amendment of one and not of the other under these circumstances would seem to point up an intended difference.[3] The failure to amend the gift tax in the light of the Treasury's already published regulation, purporting to resolve what was, at best, an ambiguity, particularly reflects an adoption of the Treasury's position where twenty years have passed without action by Congress.[4] Only if I could say that no rational basis exists for distinguishing between the gift tax and the estate tax would I decline to follow such guideposts. That is not the situation, for it has always been said that the gift tax was supplementary to the surtax features of the income tax as well as to the estate tax.[5] I hold that foreign realty comes within the act, where not expressly excluded. It may well be said that exclusio unius est inclusio alterius.

 Turning to plaintiffs' other point, while, as they say, constitutional problems may be reached if the taxing power is too far extended, I cannot feel that this case reaches that point. This is not a property tax, but an excise. Bromley v. McCaughn, 280 U.S. 124, 50 S.Ct. 46, 74 L.Ed. 226. The taxpayer was a citizen. If he had earned income abroad, no question could be raised as to the government's right to impose a tax measured by its worth. I cannot think that such tax would be avoided if the income were paid and received in the form of valuable real estate.[6] Although it may be more blessed to give than to receive, I do not believe it is any less taxable. Defendant's motion for judgment is granted.

2. Revenue Act of 1934, Sec. 404, 48 Stat. 754, 26 U.S.C.A. § 811.

3. The cases plaintiff cites for construing the two acts the same way were concerned only with identical, not varying, phraseology. Merrill v. Fahs, 324 U.S. 308, 65 S.Ct. 655, 89 L.Ed. 963, rehearing denied 324 U.S. 888, 65 S.Ct. 863, 89 L.Ed. 1436; Elizabeth W. Lyman, Ex'rs, 23 B.T.A. 540 (1924 Act).

4. The latest case evidencing this principle is United States v. Leslie Salt Co., 350 U.S. 383, 76 S.Ct. 416.

5. House Report No. 708, Senate Report No. 665, 72d Congr., 1st Session, pp. 28 and 40 (1939–1 Cum.Bull. (Part 2) 457, 477, 496, 525); Commissioner v. Bristol, supra, n. 1.

6. Cf. Waterman's Estate v. Commissioner, 2 Cir., 195 F.2d 244, a case involving "blocked" pounds.